UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DEBORRA H.,

       Plaintiff,                          Case No. 3:21-cv-111

vs.

COMMISSIONER OF THE SOCIAL           District Judge Michael J. Newman
SECURITY ADMINISTRATION,

       Defendant.

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING;
AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This is a Social Security disability benefits appeal. Plaintiff challenges the Administrative Law Judge's ("ALJ") finding that she was not "disabled" and therefore not entitled to Disability Insurance Benefits "("DIB") and/or Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (Doc. No. 11), the Commissioner's memorandum in opposition (Doc. No. 15), Plaintiff's reply (Doc. No. 16), the administrative record (Doc. No. 9),[1] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for DIB and SSI[2] on July 6, 2018, alleging disability beginning on that date. PageID 50. She claims she suffers from one or more disabilities as a result of a number of alleged

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the CMECF PageID number.

[2] The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and vice versa.

impairments including, *inter alia*, severe back pain; scoliosis; fibromyalgia; post-traumatic stress disorder; and hypertension.  *Id*. at 253–61, 262–70, 303.

On March 26, 2020, ALJ Gregory Kenyon held a hearing with Plaintiff present.  PageID 80–117.  The ALJ issued a written decision on April 23, 2020, finding that Plaintiff was not disabled until she changed age categories on March 27, 2020 (*i.e.*, when she turned fifty years old), at which time she became disabled.  PageID 46–69.  Specifically, the ALJ found at Step Five of the required sequential evaluation, *see infra*, § II(B), that, prior to the time she changed age categories, based upon Plaintiff's residual functional capacity ("RFC") to perform a limited range of sedentary work (with certain nonexertional limitations[3]) "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed[.]"  PageID 62.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision.  PageID 40–43; *see Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).  Plaintiff then filed this timely appeal.  *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).  At issue, therefore, is whether the ALJ correctly found Plaintiff not disabled prior to March 27, 2020.  (The disability finding thereafter is not challenged.)

---

[3] Nonexertional limitations affect an individual's "ability to meet the demands of jobs other than the strength demands . . . ." 20 C.F.R. § 404.1569a(a). Some examples of nonexertional limitations include difficulty functioning due to nervousness, anxiousness, or depression; difficulty maintaining attention and concentrating; and difficulty understanding or remembering detailed instructions. *Id.* § 404.1569a(c). The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

### B.    Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 46–69), Plaintiff's Statement of Errors (PageID 1038–47), the Commissioner's memorandum in opposition (PageID 1057–74), and Plaintiff's reply (PageID 1075–80).   The Court incorporates all the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A.    Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether substantial evidence supports the ALJ's non-disability finding, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745–46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference."  *Id.* at 773.

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746.

3

B.     **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.   42 U.S.C. § 423(d)(1)(A).   Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations.  20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.     Has the claimant engaged in substantial gainful activity?;

2.     Does the claimant suffer from one or more severe impairments?;

3.     Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4.     Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5.     Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001).  A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition.  *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred in two ways: (1) by neglecting to give adequate consideration to the fact that Plaintiff uses a prescribed walker; and

4

(2) by finding the opinions of Robert Baker, Ph.D.; Juliette Savitscus, Ph.D.; and Richard E. Sexton, Ph.D., partially persuasive without incorporating a corresponding limitation from Dr. Sexton's report, noting that she may need "occasional flexibility with breaks when experiencing symptoms." PageID 1043–45. Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly evaluated the persuasiveness of the opinion evidence, 20 C.F.R. § 404.1520c, and came to a conclusion based upon reasons supported by substantial evidence (including the opinions of Drs. Baker, Savitscus, and Sexton); reasonably assessed the consistency of Plaintiff's statements regarding her disability with the record as a whole; posed appropriate hypothetical questions to the Vocational Expert ("VE"); accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five (and in reliance on the VE's sworn testimony), that Plaintiff can perform a significant number of jobs in the national economy.

The ALJ determined that the medical evidence of record demonstrated "that a . . . walker was not medically necessary for Plaintiff because her performance on objective examinations did not indicate that she always required one." *Harriman v. Comm'r*, No. 2:20-cv-6548, 2022 WL 109347, at *5 (S.D. Ohio Jan. 12, 2022) (affirming ALJ's decision where the record showed that plaintiff had a normal gait, despite using a walker); *see* PageID 56; *see also Clevenger v. Comm'r*, No. 2:19-cv-4512, 2020 WL 2092387, at *9 (S.D. Ohio May 1, 2020) (noting that even if ALJ erred in not mentioning the plaintiff's use of a cane, such an error was harmless). Moreover, the ALJ "was not required to incorporate the entirety of" Dr. Sexton's opinion about Plaintiff needing breaks after the ALJ found it only partially persuasive, "especially" where "those findings . . . are

not substantially supported by evidence in the record." *Reeves v. Comm'r*, 618 F. App'x 267, 275 (6th Cir. 2015).

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:  September 9, 2022         /s Michael J. Newman
                                Hon. Michael J. Newman
                                United States District Judge